UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-P48-JHM

**JASON SETH PERRY**                                                                                    **PLAINTIFF**

v.

**RON HERRINGTON** *et al.*                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Jason Seth Perry filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

**I.**

Plaintiff is a convicted inmate at the Wabash Valley Correctional Facility. His complaint concerns his previous incarceration at the Henderson County Jail (HCJ). He sues the following HCJ personnel: Ron Herrington, the HCJ Jailer; Jordan Rolley, an officer; Leah Humphrey, the Head Nurse; and Kurt Weisen, a Lieutenant. Plaintiff sues all Defendants in their individual and official capacities.

As his statement of the claim, Plaintiff states that on November 21, 2014, he "was violated by Jordan Rolley who was an officer at the [HCJ] at the time of my assault . . . by physical force." He states that he was "thrown around my cell, handcuffed, punched in the head and kicked in the head and all over my body." He states on the same date, he was also "denied medical care by Head Nurse Leach Humphrey after being assaulted by staff. I complained of vision problems, sore neck, busted nose, and injured hands and back."

Plaintiff states that he was put on suicide watch on November 21, 2014, by Defendant Humphrey. He states that Defendant Humphrey "got mad at me because I told her she was

breaking the law against me and I will file a lawsuit against her." He maintains that Defendant Humphrey "walked away from my door and pointed at my door saying something to officer Jordan Rolley . . . ." He reports that "Rolley then came to my door with officer Brian Bell and walked straight into my room and started pushing me. . . . Bell stood at the doorway while officer Jordan Rolley went from pushing me to punching me to throwing me around while I'm screaming for him to stop." He asserts that he was "not retaliating since I feared further punishment." Plaintiff states that in March 2015 he was taken to the eye doctor and diagnosed with "eye trauma."

Plaintiff further states, "On 11-21-14 I sent in a grievance to Lt. Kurt Weisen complaining of being assaulted by staff and denied medical care by nurse Leah Humphrey." He represents that he was denied any relief from Defendant Weisen. He also states, "I sent in other grievances directly after to Jailer Ron Herrington but denied any response at all." Plaintiff states that he also requested his records of that date from Defendant Weisen and was denied. As relief, Plaintiff seeks compensatory damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is

based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327.

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. While the statute of limitations is an affirmative defense, when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Here, it is clear from the complaint that the actions Plaintiff complains of occurred on November 21, 2014. Therefore, Plaintiff had until November 21, 2015 to bring a § 1983 action based on this incident. Plaintiff filed the instant action on April 26, 2016,[1] more than six months past the expiration of the one-year statute of limitations. While the statute of limitations is tolled for the period of time required to exhaust available administrative remedies, *Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000), the complaint affirmatively states that Plaintiff filed a grievance on November 21, 2014, which was denied. It defies logic that that the grievance process would take any longer than a few days, much less six months, to complete. Therefore, the Court finds that it is obvious from the face of the complaint that Plaintiff's claims are barred by the statute of limitations and must be dismissed as frivolous. *See Jones v. Bock*, 549 U.S. at 215; *Castillo v. Grogan*, 52 F. App'x at 751.

For the above reasons, the Court will dismiss the action by separate Order.

Date:   September 8, 2016

                                                        **Joseph H. McKinley, Jr., Chief Judge**
                                                        **United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.010

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The complaint shows that Plaintiff certified that a copy of the complaint was delivered to the prisoner mail system for mailing on April 26, 2016.